UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:16 CR 180 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JURMAINE A. JEFFRIES, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Jurmaine A.

Jeffries's ("Defendant" or "Jeffries") Motion to Suppress Defendant's Statements ("Motion to

Suppress") (ECF No. 20). For the following reasons, the court grants Defendant's Motion to

Suppress.

## I. BACKGROUND

On September 16, 2015, Defendant Jurmaine Jeffries was arrested by the Akron Police

Department on suspicion of selling drugs to a woman who died of an overdose earlier the same

morning.  (Mot. to Suppress at 2, ECF No. 20; Opp'n at 2-4, ECF No. 22.)  Defendant claims that

during the arrest, he was pulled from his vehicle and hit his head after being "slammed" to the

pavement.  (Mot. to Suppress at 2.)  Defendant was then placed in the back of a squad car, and

Detective Harvey ("Harvey") recited Defendant *Miranda* rights to him.  (*Id.*)  Harvey's statements,

as given to Defendant, were recorded and are in the record before the court.  The transcript of the

*Miranda* warnings appears below:

> [Harvey ("DH")]: Anyone read you your rights yet, Jurmaine?
>
> [Jeffries ("JJ")]: No.
>
> DH: Alright, you got the right to remain silent, do you understand that?
>
> JJ: Uh-huh.
>
> DH: Anything you say and do will be used against you in a court of law, do you understand that?
>
> JJ: Uh-huh.
>
> DH: You have the right to talk to a lawyer and have him with you when you're being questioned, do you understand that?
>
> JJ: Uh-huh.
>
> **DH: If you cannot hire. If you cannot afford to hire a lawyer, and have one appointed to represent you before any questioning if you wish. If you decide at any time to exercise these rights, and not answer any questions you make or any statements. Do you understand all these things?**
>
> JJ: Yes.

(Opp'n at 2-3) (emphasis added). The crucial portion of the recording for evaluating the instant Motion, which is bolded above, consists of Harvey attempting to describe Defendant's right to have appointed counsel and Defendant's ability to immediately exercise his rights.

While Mr. Jeffries was still sitting in the police cruiser, Harvey began questioning him. In the course of the brief interrogation, Defendant admitted to a prior felony conviction and that he sold drugs to a woman earlier that morning. (Opp'n at 4.) Jeffries then attempted to end the interrogation:

> JJ: I don't wanna talk no more.
>
> DH: You don't want to talk anymore?

-2-

JJ:  No.

DH:  Jurmaine, I want you to listen to me for a second, alright?  You got some problems right now, my man.

JJ:  I understand.

DH:  Alright.  You need to think about your current situation and how you can help yourself out here, okay?

JJ:  I just wanna go sit down, man.

DH:  Okay.  I mean it goes a long way when you look like you're cooperating with us, you understand that?

JJ:  I understand that.

DH:  I mean, this lady is dead, and we ain't f***ing with you, that's the truth, okay?

JJ:  Okay.

DH:  I ain't blowing smoke up you're [*sic*] a**, that's the situation you're in.

JJ:  Okay.

DH:  You sold her some dope today, she used it, she died.  I mean do you understand the gravity of that situation?

JJ:  Can I go sit–can I–can I go?

DH:  Where do you want to go–the county?

JJ:  Yeah.

DH:  Ok, you don't want to talk anymore?  Are you sure?

JJ:  I'm positive.

DH:  Okay.  We may not have this opportunity again, I'm just letting you know.

JJ:  I just wanna go sit down, man.

-3-

DH:  Okay.

(Opp'n at 4-5.)

On January 3, 2017, Defendant filed the instant Motion to Suppress.  Defendant raises three distinct arguments: (1) the *Miranda* warnings were inadequate as to all statements given after the warnings should be suppressed; (2) Harvey violated Defendant's Fifth Amendment protection against self-incrimination when he continued to question Defendant following a request to cease, therefore all statements after the request to cease should be suppressed; and (3) any waiver Defendant gave of his *Miranda* rights was not knowing and voluntary as evidenced by Defendant hitting his head and then repeatedly asking to sit down while he was already seated.  (Mot. to Suppress at 3-7.)  On January 17, 2017, Plaintiff United States of America (the "Government") filed a Response (ECF No. 22).  On February 3, 2017, Defendant filed a Reply (ECF No. 29).

## II. LAW AND ANALYSIS

The Fifth Amendment of the United States Constitution provides criminal defendants with a privilege against self-incrimination.  U.S. CONST. amend. V.  To safeguard this privilege, the Supreme Court established a procedure in *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), which prevents the prosecution from using a defendant's statements unless it can demonstrate that prior to any custodial interrogation, the defendant was adequately informed of his Fifth Amendment rights.  To satisfy *Miranda*, law enforcement must give criminal suspects four warnings before performing a custodial interrogation: (1) he has the right to remain silent; (2) that anything he says can be used against him in court; (3) that he has the right to the presence of an attorney; and (4) that if he cannot afford an attorney, one will be appointed for him prior to any questioning.  *Miranda*, 384 U.S. at 478-79.

-4-

In evaluating a potentially deficient warning, the court must look to whether the warnings "in their totality, satisfied *Miranda*."  *Duckworth v. Eagan*, 492 U.S. 195, 205 (1989).  However, the *Miranda* Court cautioned that:

> [A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. This Court has always set high standards of proof for the waiver of constitutional rights, and we reassert these standards as applied to incustody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders.

384 U.S. at 475 (citations omitted).  While a "talismanic incantation" of the *Miranda* rights is not required, the rights must be effectively communicated. *California v. Prysock*, 453 U.S. 355, 359-60, 364 (1981).  The substance of all four *Miranda* warnings must be conveyed for the advisement to be adequate.  *United States v. Tillman*, 963 F.2d 137, 141 (6th Cir. 1992).  *See also Florida v. Powell*, 559 U.S. 50, 62 (2010) (upholding the validity of *Miranda* warnings where the officers "did not entirely omit any information *Miranda* required them to impart") (internal quotations omitted).  If a warning is inadequate, any statements made by the defendant subsequent to arrest must be suppressed.  *Tillman*, 963 F.2d at 142.

Here, Defendant argues that he was inadequately advised of his right to counsel when Detective Harvey told him "If you can't afford to hire a lawyer and have one appointed to represent you before any questioning if you wish."  Defendant contends that this statement does not clearly convey that he could elect, as a right, to have counsel appointed to represent him before questioning. Defendant also argues that he was not adequately advised of how to exercise his rights when he was told "[i]f you decide at any time to exercise these rights and not answer any questions or [sic] make

-5-

or any statements.  Do you understand those things?" (Mot. to Suppress at 4.)  The Government responds that Detective Harvey adequately conveyed each warning because Defendant knew that he could opt to not speak with law enforcement and that he could exercise his rights at any time. (Response at 7-8.)  The Government supports this contention by arguing that since Defendant did eventually end the interrogation, it is clear that he understood his rights.

In the present case, the court must determine if Harvey's statements, in their totality, adequately conveyed each constitutionally mandated right to Defendant.  But first, the court must determine the scope of a "totality of the circumstances" analysis.

In cases where arguably inadequate *Miranda* warnings were upheld based on the totality of the circumstances, the rights were still substantively conveyed to the defendant.  In *Florida v. Powell*, 559 U.S. 50, 62 (2010), the Supreme Court upheld *Miranda* warnings as adequate against a challenge that the warnings failed to specifically state that Defendant could have counsel present both before and during interrogation.  The court reached this decision by looking at two distinct statements given during the warnings: "the right to talk to a lawyer before answering any of [their] questions" and "the right to use any of [his] rights at any time [he] want[ed] during th[e] interview." *Id.*  The Court held that the two statements, when read together, made clear that the right to an attorney applied both before and during interrogation.  In *Duckworth v. Eagan*, 492 U.S. 195, 204 (1989), the Supreme Court upheld *Miranda* warnings as adequate when officers specified the defendant had a right to appointed counsel and the right to counsel during questioning, but contained the caveat that an attorney would be appointed "if and when you go to court."  The Court reasoned that there is no requirement that an attorney be appointed immediately; the relevant requirement is simply that a defendant who exercises the right to counsel cannot be interrogated until after he has

-6-

an attorney present - in this case, after going to court.  *Id.*  In each case, the Court combined independently effective statements to reach a logical conclusion.

In contrast, courts have been clear that *Miranda* warnings are inadequate when they are conveyed in such a way as to place the burden of their correct interpretation on the defendant. *United States v. Connell*, 869 F.2d 1349, 1350 (9th Cir. 1989) (finding a warning inadequate that advised a defendant "[counsel] *may* be appointed to represent you" instead of explaining that counsel will be appointed as a right) (emphasis added); *United States v. Stewart*, 576 F.2d 50, 57 (5th Cir. 1978) (finding a warning inadequate that advised a "right to consult with a lawyer, if [defendant] desire[s]" instead of making clear the explicit right to have counsel appointed if defendant cannot afford to hire an attorney); *Groshart v. United States*, 392 F.2d 172, 180 (9th Cir. 1968) (finding a warning inadequate that advised defendant he could "get an attorney any time he wanted one" but failed to explain that counsel would be appointed if it could not be afforded).

In reconciling these cases, the court sees a clear distinction.  Courts may combine independently logical statements to reach a logical conclusion, but cannot fill in logical gaps that may exist.  In other words, a court cannot determine that a defendant should have known something which was ambiguously or illogically communicated.  The Supreme Court's opinion in *Miranda* supports this conclusion:

> No amount of  circumstantial evidence that the person may have been aware of [the right to counsel] will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right. . . .
>
> [O]nly by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it.

*Miranda*, 384 U.S. at 471-73.

Multiple circuits have acknowledged that ambiguity is a factor which may render warnings invalid.  *See Garner v. Mitchell*, 557 F.3d 257 (6th Cir. 2009) (A *Miranda* waiver analysis must address both voluntariness and comprehension, each to be evaluated from the totality of the circumstances); *Connell*, 869 F.2d at 1352 (rejecting *Miranda* warnings where "the combination or wording of its warnings is in some way affirmatively misleading, making [a logical] inference less readily available").

There is no question that Harvey adequately communicated the right to remain silent, that anything Defendant said may be used against him in court, and that Defendant had the right to an attorney.  At issue is whether he adequately communicated that an attorney would be appointed for Defendant if Defendant could not afford one, and whether he adequately communicated that Defendant could exercise his rights at any time.  In looking at the totality of the warnings, this court has three relevant statements to analyze:  (1) "You have the right to talk to a lawyer and have him with you when you're being questioned;" (2) "If you cannot afford to hire a lawyer, and have one appointed to represent you before any questioning if you wish;" and (3) "If you decide at any time to exercise these rights, and not answer any questions you make or any statements."

In a straightforward reading, statements two and three are nonsensical.  For the court to find an adequate warning in these statements, the court would have to add words and meaning where they do not exist.  And herein lies the problem - which words should be added?  From the totality of Harvey's statements, as analyzed from the position of a lay defendant, it is unclear if Harvey meant to expand the right to counsel ("an attorney will be appointed as a right"), condition the right to counsel ("an attorney may be appointed") or limit the right to counsel ("an attorney will not be appointed").  The context of Harvey's warnings do not make absolutely clear that Defendant has a

constitutional right to appointed counsel, as required by *Miranda*. To require Defendant to correctly interpret Harvey's statements without any additional guidance is to require Defendant to already understand the contours of the law.

A similar concern was at the heart of *Connell*, cited above. In *Connell*, *Miranda* warnings were found to be inadequate when an orally-given warning declared "a lawyer may be appointed to represent you" and a simultaneously-issued written warning said "arrangements will be made . . . to obtain a lawyer in accordance with the law." 869 F.2d at 1353. The *Connell* Court held that "may" creates the impression that the appointment of counsel is discretionary, and "in accordance with the law" requires the defendant to already understand the law. *Id.* ("[C]onveying to the person in custody the requirements of the law is the whole purpose of the warning."). Furthermore, the court held that the combination of two ambiguous warnings created additional confusion. *Id.*

Here, Harvey's warnings include both problems present in *Connell*. First, if reducing "will" to "may" can render a warning inadequate, certainly a warning that completely omits any operative or rights-granting words must also be inadequate. Second, since Harvey omitted any rights-granting words, Defendant was left to fill in the blanks. However, expecting Defendant to do this correctly places the burden of knowing the law on Defendant and negates the entire purpose of the warning.

Harvey's third statement is equally inadequate. Read in its most straightforward way, it sets up an *if* statement without the payoff of a *then*. He stated, "[i]f you decide at any time to exercise these rights and not answer any questions you make or any statements. Do you understand those things?" But if Defendant decides to exercise his rights "and not answer any questions [he] makes or any statements" . . . then what? Detective Harvey never specified if such a decision by Defendant would be honored. Importantly, the *Miranda* court envisioned that "the warning will show the

-9-

individual that his interrogators are prepared to recognize his privilege should he choose to exercise it." *Miranda*, 384 U.S. at 468. Here, Harvey's words can hardly be seen as showing Defendant that the interrogators will recognize the privilege.

While the Government argues that Defendant knew his rights since he eventually exercised his right to remain silent, the Government's argument fails. First, Defendant's choice to remain silent only shows, at best, that Defendant knew of his right to remain silent – which is not at issue. Second, whether Defendant independently knew or should have known his rights is irrelevant to evaluating the adequacy of the warning. *See United States v. Street*, 472 F.3d 1298, 1311 (11th Cir. 2006) (The adequacy of *Miranda* warnings as read to a police force veteran of twenty-plus years must still be analyzed as if read to a layman.). As the *Miranda* court stated:

> Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, whatever the background of the person interrogated, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time.

*Miranda*, 384 U.S. at 467-68.

Finally, even though Defendant affirmatively acknowledged that he understood his rights, an affirmative response cannot cure an inadequate warning. The Sixth Circuit has held that a waiver of *Miranda* rights can be properly inferred "'when a defendant, *after being properly informed of his rights* and indicating that he understands them, nevertheless does nothing to invoke those rights' and speaks." *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009) (emphasis added) (quoting *United States v. Nichols*, 512 F.3d 789, 798-99 (6th Cir. 2008)). Here, since Defendant was not properly informed of his rights, an inference of waiver cannot be made. *See also Dupont v. United*

*States*, 259 A.2d 355, 359 (D.C. 1969) (holding that a defendant's statement of "I know my rights, man" without properly recited *Miranda* warnings cannot serve as a "knowing and voluntary" waiver of the rights.)

The court finds that, under the totality of the circumstances, Detective Harvey's statements did not adequately convey to Defendant a right to appointed counsel.  To reach the opposite conclusion, the court would need to add crucial operative words to Harvey's statements, yet, the totality of the circumstances do not make unambiguously clear that a lay defendant would have added and understood those same words.  Since it would be improper to place the burden of understanding ambiguously-worded *Miranda* warnings upon a defendant, the court finds the *Miranda* warnings given to Jeffries were inadequate.  Consequently, the court orders the suppression of Defendant's statements made subsequent to the warnings.  Since Defendant has prevailed on his challenge of the initial warnings, the court need not address the arguments relating to continued questioning or whether any waiver was knowing and voluntary.

### III.  CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Suppress Defendant's Statements. (ECF No. 20.)  All aspects of the statements he gave regarding the matters at issue are suppressed.

IT IS SO ORDERED.

-11-

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 25, 2017