UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:16 CR 180 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| JURMAINE A. JEFFRIES, | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Jurmaine A. Jeffries's ("Defendant" or "Jeffries") Motion to Suppress Second Cell Phone Search ("Motion to Suppress"). (ECF No. 60.) For the following reasons, the court grants Defendant's Motion to Suppress.

**I. BACKGROUND**

On September 16, 2015, Defendant Jurmaine Jeffries was arrested by the Akron Police Department on suspicion of delivering fentanyl, as well as causing the death of another person from the delivery of fentanyl. (Resp. at 1-2, ECF No. 65.) Three cellular phones were seized from Mr. Jeffries at the time of arrest, including a Samsung, Apple iPhone, and Blackberry cellular phone. (Mot. to Suppress at 2, ECF No. 60; Resp. at 2.) On September 22, 2015, the Akron Police Department obtained a search warrant from an Akron Municipal Judge to search both the Samsung and the Apple iPhone cellular phones. (*Id*.) The Samsung cellular phone was searched pursuant to

the warrant on September 22, 2015, and the Apple iPhone was searched pursuant to the warrant on September 23, 2015. (*Id.*) The search of both phones consisted of a "Cellbrite" analysis, which involves running the phone through a computer program in order to retrieve as much information as possible. (Resp. at 2.)

On February 17, 2017, an Akron Police Department officer conducted a subsequent search of Mr. Jeffries's seized Samsung cellular phone. (Mot. to Suppress at 2; Resp. at 2.) The phone was in police custody during the time between the initial search on September 22, 2015 and the search on February 17, 2017. (Mot. to Suppress at 3.) The February 2017 search included another Cellbrite analysis of the phone. (Resp. at 2.) A new search warrant was not obtained for this search. (Mot. to Suppress at 2; Resp. at 2.) Plaintiff United States of America (the "Government") contends that the officer who conducted this search cannot recall the purpose of conducting a subsequent search, other than the possibility of revealing new information as a result of an update to the Cellbrite software. (Resp. at 2.)

On July 21, 2017, Mr. Jeffries filed the instant Motion to Suppress. He argues that the February 2017 search of his Samsung cellular phone was an unlawful search and seizure in violation of the Fourth Amendment. (Mot. to Suppress at 2-3.) Consequently, Mr. Jeffries argues that the information obtained from the search at issue must be suppressed. (*Id.*) On August 28, 2017, the Government filed a Response. In its Response, the Government conceded that a search warrant was not obtained for the February 2017 search of the Samsung cellular phone and agreed that the information retrieved as a result should be suppressed. (Resp. at 2-3.)

## II. LAW AND ANALYSIS

As recognized by the Sixth Circuit, "the general rule [is] that a warrant authorizes only one

search." *United States v. Keszthelyi*, 308 F.3d 557, 568–69 (6th Cir. 2002) (citing *United States v. Gagnon*, 635 F.2d 766, 769 (10th Cir.1980), *cert. denied*, 451 U.S. 1018 (1981); 2 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 4.10(d) (3d ed.1996)). However, a single search warrant may authorize more than one search of the objects identified in the warrant if the subsequent search is "a reasonable continuation of the original search." *Keszthelyi*, 308 F.3d at 568 (citing *United States v. Bowling*, 351 F.2d 236, 241 (6th Cir.1965), *cert. denied*, 383 U.S. 908 (1966)). The reasonable continuation rule allows police officers to "temporarily suspend the initial execution of a search warrant and continue the search at another time." *Keszthelyi*, 308 F.3d at 569.

Two aspects of the reasonable continuation rule must be observed. First, the subsequent search must "indeed be a continuation of the original search, and not a new and separate search." *Id.* A warrant may generally be executed until officers are satisfied that all available evidence has been located. *Id*. at 571 (citing *United States v. Menon*, 24 F.3d 550, 560 (3rd Cir. 1994)). Once the execution of a warrant is complete, the warrant terminates. *Keszthelyi*, 308 F.3d at 571 (citing *Bills v. Aseltine*, 958 F.2d 697, 702 (6th Cir.1992)). Second, the decision to conduct a subsequent search must be reasonable under the totality of the circumstances. *Keszthelyi*, 308 F.3d at 571.

*Bowling* provides a useful illustration of the proper application of the reasonable continuation rule. In *Bowling*, police officers entered the suspect's home pursuant to a warrant and copied the serial numbers of suspect items. *See Bowling*, 351 F.2d at 240. The officers left the suspect's home around midnight, suspending the search overnight in order to check the serial numbers against a police list of stolen equipment. *See id*. The following morning, the officers returned to the suspect's home and seized the items that were on the list of stolen equipment. *See id*. The search satisfied the first aspect of the reasonable continuation rule because it was a temporary suspension of an

incomplete search. The second aspect of the reasonable continuation rule was also satisfied, as it was reasonable to suspend the search in order to confirm suspicions regarding the suspect items.

In the present case, the court finds that the subsequent search of Mr. Jeffries's Samsung cellular phone on February 17, 2017 does not satisfy either aspect of the reasonable continuation rule. First, the court finds that the February 2017 search was a separate search, not a continuation of the original search on September 2015. The second search occurred almost seventeen months after the original search. The Government does not indicate that any aspect of the initial search of the Samsung cellular phone was incomplete. Instead, the Government indicates that the officer cannot recall the purpose of the second search. Second, it was not reasonable under the totality of the circumstances for the officer to conduct a subsequent search seventeen months after the initial search without a new warrant. Consequently, the Government violated Mr. Jeffries's Fourth Amendment rights. The court agrees with Mr. Jeffries and the Government that the content obtained as a result of the February 2017 search must be suppressed.

### III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Suppress Second Cell Phone Search. (ECF No. 60.) All content retrieved from Mr. Jeffries's Samsung cellular phone as a result of the search on February 17, 2017 is hereby suppressed.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT COURT

September 5, 2017