# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:16CR00180 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | **DEFENDANT'S MOTION TO** |
| JURMAINE A. JEFFRIES, | : | **REVOKE THE DETENTION** |
| | : | **ORDER PENDING SENTENCING** |
| Defendant. | : | |

Defendant Jurmaine A. Jeffries, through counsel, respectfully moves this Court to revoke its previous order of detention and release Mr. Jeffries on bond. 18 U.S.C. § 3145(c). Mr. Jeffries is not a flight risk and does not pose a danger to other people or the community at large. Exceptional reasons support his release. Therefore, his release pending sentencing should be granted. A memorandum in support is attached.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ CAROLYN M. KUCHARSKI*
Assistant Federal Public Defender
Ohio Bar: 0062119
JACQUELINE A. JOHNSON
First Assistant Federal Public Defender
Ohio Bar: 0025606
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
Office of the of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
carolyn_kucharski@fd.org;
jacqueline_johnson@fd.org; claire_cahoon@fd.org

1

## **MEMORANDUM**

Jurmaine A. Jeffries should be released from detention pending sentencing. Mr. Jeffries remained free on bond during the pendency of his case until he was found guilty following a jury trial. *See* Dkt. Mr. Jeffries complied sufficiently to remain on pretrial release during the pendency of his case, a period of approximately two years. After the jury found Mr. Jeffries guilty, this Court ordered Mr. Jeffries to be taken into custody pending sentencing upon Motion of the Government.

Defendants are generally detained prior to sentencing under 18 U.S.C. § 3143(a)(2). However, under 18 U.S.C. § 3145(c), a person subject to detention before sentencing can be released if he or she demonstrates exceptional circumstances and meets the conditions of § 3143(a)(1). Under § 3143(a)(1), a defendant can be released from detention pending sentencing when "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." It is reversible error for the district court to not consider whether a defendant has exceptional circumstances that support release pending sentencing. *United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010).

First, Mr. Jeffries is neither a flight risk nor a danger to the community. Mr. Jeffries has a minimal prior criminal record and was compliant while on pretrial release, both of which indicate an absence of any risk or danger. He also has close family ties in Akron. These family ties include relatives willing to post property as collateral for Mr. Jeffiries release. Mr. Jeffries also has two minor children he helps to care for and financially support. These relationships weigh against Mr. Jeffries posing any risk of flight.

Second, Mr. Jeffries has exceptional circumstances that justify release pending sentencing. What constitutes an exceptional reason is "a fact-intensive inquiry that must be made on a case-by-case basis." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (internal citations

2

omitted). Courts generally agree that exceptional circumstances are situations which are "out of the ordinary, uncommon or rare." *Id.* The Sixth Circuit has found that family hardship generally does not constitute an exceptional circumstance. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). However, this Court has discretion to make a case-by-case determination based on the facts presented. *See United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778-79 (E.D. Wis. 2003) (granting release pending sentencing based on family circumstances and noting there is no reason why family or personal circumstances should not be considered).

  Mr. Jeffries's infant son was born in late 2017 and has serious health problems. He suffers from gastroesophageal reflux disease which requires frequent doctor visits, at times hospitalization and 24 hour monitoring. Mr. Jeffries was the primary daytime caregiver. The infant should not be monitored in a daycare setting which has placed a hardship on the family as the infant's mother is on the verge of losing her employment. It is recommended a parent remain with him during episodes. See Exh. A. While it is not uncommon or exceptional for a defendant to have a minor child requiring care, it is an exceptional circumstance for a defendant to have an infant child with serious health problems. *See United States v. Williams*, 2008 U.S. Dist. LEXIS 66806, * 2-3 (E.D. Ky. June 2, 2008) (granting bond pending appeal based on the defendant's own serious medical problems that could not be treated by the Bureau of Prisons).

  Mr. Jeffries's circumstances are exceptional, because he has complied with all conditions of pretrial release for a period of approximately two years, and he is a central and integral part of helping to raise both his infant son while he struggles with health challenges and his eight-year old daughter who is legally blind in one eye. Allowing Mr. Jeffries to remain free on bond pending sentencing would give him an opportunity to continue to assist with his son and daughter's medical care and also to make arrangements for their ongoing care after sentencing. Because Mr. Jeffries

3

is not a flight risk or danger, and because extraordinary circumstances exist, he respectfully moves this Court to grant his release pending sentencing.

                Respectfully submitted,

                STEPHEN C. NEWMAN
                Federal Public Defender
                Ohio Bar: 0051928

                */s/ CAROLYN M. KUCHARSKI*
                Assistant Federal Public Defender
                Ohio Bar: 0062119
                JACQUELINE A. JOHNSON
                First Assistant Federal Public Defender
                Ohio Bar: 0025606
                CLAIRE R. CAHOON
                Attorney at Law
                Ohio Bar: 0082335
                Office of the of the Federal Public Defender
                1660 West Second Street, Suite 750
                Cleveland, Ohio 44113
                (216) 522-4856 Fax: (216) 522-4421
                carolyn_kucharski@fd.org;
                jacqueline_johnson@fd.org;
                claire_cahoon@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                 Respectfully submitted,

                                                 */s/ CAROLYN M. KUCHARSKI*
                                                 Assistant Federal Public Defender
                                                 Ohio Bar: 0062119

                                                 Counsel for Defendant