UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:16 CR 180 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JURMAINE A. JEFFRIES, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court is Defendant Jurmaine A. Jeffries' ("Defendant" or "Mr. Jeffries") Motion to Revoke Detention Order Pending Sentencing ("Motion") (ECF No. 152). For the following reasons, the court grants in part Mr. Jeffries' Motion.

**I. BACKGROUND**

In Count One , Plaintiff United States of America ("Plaintiff" or the "Government") charges Mr. Jeffries with distribution of fentanyl. Specifically, Count One of the Indictment charges:

> On or about September 16, 2015, in the Northern District of Ohio, Eastern Division, the defendant, JURMAINE A. JEFFRIES, did unlawfully, knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(Indictment 1.) Count One further alleges that death resulted from the use of the fentanyl distributed by Mr. Jeffries:

> The allegations of Count 1 are hereby re-alleged and incorporated by reference herein. It is further alleged that on September 16, 2015, in Akron, Ohio, a person whose identity is known to the Grand Jury (J.H.) did fatally ingest and overdose on a controlled substance, namely Fentanyl, which had been distributed by JURMAINE A. JEFFRIES to J.H. (the deceased person).

(*Id*. at 2.)

Count Two charges Mr. Jeffries with possessing with intent to distribute fentanyl. Specifically, Count Two of the Indictment charges:

> On or about September 16, 2015, in the Northern District of Ohio, Eastern Division, the defendant, JURMAINE A. JEFFRIES, did unlawfully, knowingly and intentionally possess with the intent to distribute approximately 38 grams of a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(*Id*. at 1–2.)

On March 28, 2018, a jury trial commenced regarding this matter. On April 5, 2018, the jury found Mr. Jeffries guilty on both counts, and also found that death resulted from fentanyl distributed in Count One. (Verdict; ECF No. 125.) Following the jury verdict, upon the Government's motion, Mr. Jeffries was ordered detained pending sentencing. (*Id*.) After hearing the parties' arguments during its proceedings of April 16, 2018, the court maintained its detention order pursuant to 18 U.S.C. § 3143. (Tr. of Apr. 16, 2018; ECF No. 136.) Mr. Jeffries filed the present Motion on May 30, 2018, in response to which the Government filed its Brief in Opposition (ECF No. 153) on June 8, 2018.

## II. LEGAL STANDARD

The crimes for which Defendant was found guilty are enumerated offenses under 18 U.S.C. § 3142(f)(1), so the provisions of § 3143(a)(2) apply. Section 3143 provides, in relevant part, that

the court shall order detention pending sentencing, unless a defendant can show either: (1) a substantial likelihood that a motion for acquittal or new trial will be granted; or (2) that the Government recommends that his sentence not include any term of imprisonment. *See* 18 U.S.C. § 3143(a)(2).

Nonetheless, a district court may order release, notwithstanding the mandatory language of § 3143(a)(2), where a defendant can clearly show there are "exceptional reasons" why detention pending sentencing would be inappropriate. *See* 18 U.S.C. § 3145(c); *United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010) ("Although we have never explicitly held in a published decision that the district court has authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of 'exceptional reasons' under § 3145(c), we have reached that conclusion in an unpublished decision."). Section 3145(c) provides, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

While the statute does not define the parameters of the exception, courts generally agree that the term "exceptional reasons" is limited to those circumstances that are "clearly out of the ordinary, uncommon or rare." *United States v. Bunke*, No. 3:08-CR-65, 2009 WL 1117311 (N.D. Ohio Apr. 24, 2009) (quoting *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir.2007)); *see also United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary."); *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (explaining "exceptional reasons" set defendant apart from someone else convicted of a similar crime or crimes).

Whether "exceptional reasons" exist is quintessentially a fact-intensive inquiry requiring a case by case analysis." *Id*. The court, therefore, has broad discretion in determining whether exceptional reasons for release exist. *See United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

### III. LAW AND ANALYSIS

Mr. Jeffries asks the court to revoke its detention order. He argues that exceptional circumstances—specifically, the serious health problems of his infant son—support his release pursuant to § 3145(c). Mr. Jeffries states that his son was born in late 2017 and that he was the primary daytime caregiver of his son, as well as his eight-year-old daughter who is legally blind in one eye. Mr. Jeffries provides the court with a letter from his son's medical provider (Mot., Ex. A; ECF No. 152-1) indicating that Mr. Jeffries' son suffers from gastroesophageal reflux disease. The medical provider states that Mr. Jeffries' son requires twenty-four-hour supervision when his disease "flares up" and recommends that a parent remain at home with him during such instances. (*Id*.) Mr. Jeffries indicates that his infant's mother is near losing her employment as a result of the care required for their son. Mr. Jeffries requests relief from detention so that he can care for his son, as well as his daughter, while making arrangements for their long-term care. Mr. Jeffries also argues that he is neither a flight risk, nor a danger to the community. In support of this assertion, Mr. Jeffries states that he was compliant with court-imposed conditions while on pretrial release for approximately two years and that he has close family ties to Akron, including relatives willing to post property as collateral for his release.

In response, the Government argues that Mr. Jeffries has not established that he is not a flight risk, nor that he is unlikely to pose a danger to the community. It asserts that Mr. Jeffries' minimal

criminal record does not weigh against the significance of the crimes for which he was convicted in the present case. Furthermore, the Government argues that Mr. Jeffries has not established that his circumstances are extraordinary. It contends that Mr. Jeffries' infant son's health condition is not unique, citing medical research indicating that five to eight percent of infants suffer from the condition. Additionally, it disputes any implication that only Mr. Jeffries can provide the care his son requires, arguing that Mr. Jeffries' address is different than that of his son's mother and that his son must be receiving care during Mr. Jeffries' present detention pending sentencing. The Government argues that the medical provider for Mr. Jeffries' son should be required to testify at a hearing that Mr. Jeffries' presence is necessary for the care of his son.

The court finds Mr. Jeffries' arguments to be well-taken. First, the court finds that Mr. Jeffries is not likely to flee or pose a danger to the community if released under certain conditions, as required by § 3143(a)(1). The record reflects a lengthy period of compliance—between July 14, 2016, and April 5, 2018—with conditions of pre-trial release in this matter. Mr. Jeffries has also demonstrated that he has close ties to Akron, including relatives who have indicated to this court that they are willing to post property bonds on his behalf. The parties agree that Mr. Jeffries' prior criminal history is minimal. The record therefore supports a finding by this court that clear and convincing evidence exists establishing that Mr. Jeffries is not likely to flee or pose a danger to the safety of any other person or the community.

Second, exercising its discretion, the court finds that Mr. Jeffries has clearly shown that the present combination of circumstances is exceptional. The parties agree that family hardship generally does not constitute an exceptional circumstance. *See, e.g.*, *United States v. Cook*, 42 F. App'x 803 (6th Cir. 2002) (affirming district court finding that cooperation with government and

hardship to family and business associates were not "exceptional reasons"). However, "[t]here is no reason why family circumstances cannot provide a factual basis for release pending sentencing," under appropriate circumstances. *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003). Indeed, there are some instances in which district courts have found family circumstances exceptional and granted release pursuant to § 3145(c). *See United States v. Franklin*, 843 F. Supp. 2d 620, 624 (W.D. N.C. 2012) (finding exceptional circumstances where defendant's son had Tourette's Disorder and other mental illnesses requiring defendant's assistance for care and protection of other family members during son's violent episodes); *United States v. Williams*, 903 F. Supp. 2d 292, 293 (M.D. Pa. 2012) (same where defendant's wife required a six-week recovery for surgery addressing complications during childbirth, and defendant would be the sole means for support for her and their three young children during her recovery); *Kaquatosh*, 252 F. Supp. 2d at 775 (same where defendant demonstrated stable employment allowing him to provide for his family, excellent performance on pre-trial release and at his employment, and a desire to obtain psychological treatment prior to incarceration).

Here, Mr. Jeffries and his family are facing a unique combination of circumstances in the immediate future due to his infant son's present health condition. Mr. Jeffries has established that his infant child suffers from a condition requiring, at times, twenty-four-hour parental supervision. The court finds that a disease affecting only five to eight percent of infants and requiring intensive parental supervision can contribute to an exceptional combination of circumstances. The court has also considered Mr. Jeffries' compliance with pre-trial conditions of release and his grandmother's willingness to post a property bond on Mr. Jeffries' behalf. To be certain, Mr. Jeffries has not demonstrated that he is entitled to release for any more than a very limited period of time under

these circumstances. However, Mr. Jeffries has clearly shown that his release is warranted to provide short-term care for his infant son with a unique health condition, while finding arrangements for his son's long-term care that will not jeopardize the child's mother's employment. In reaching this determination, the court finds that its conclusion is similar to that reached by the district court in *Franklin*, wherein the defendant was released for three months pursuant to § 3145(c) for the limited purpose of developing a plan of care for his teenage son with special health needs. 843 F. Supp. 2d at 623–24. Consequently, the court grants in part Mr. Jeffries' Motion and releases him on the same terms and conditions which pertain to his pre-trial release, with the exceptions that follow. The court orders that Mr. Jeffries be released only for the limited period of thirty days under the most intensive home detention and monitoring conditions that the Pretrial Services and Probation Office employs. As a condition of his release, Mr. Jeffries must also post the property bond of his grandmother's home, as discussed during this court's proceedings of April 16, 2018.

### IV. CONCLUSION

For the above-stated reasons, the court grants in part Mr. Jeffries' Motion to Revoke Detention Order Pending Sentencing (ECF No. 152). The court orders that Mr. Jeffries be released only for a limited period of thirty days under the most intensive home detention and monitoring conditions. As a condition of his release, Mr. Jeffries must also post the property bond of his grandmother's home, as discussed during this court's proceedings of April 16, 2018.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 15, 2018